## GEORGE BAIER v. CAMDEN AND SUBURBAN RAILWAY COMPANY.

Argued February 21, 1902—Decided June 9, 1902.

A motorman is not chargeable with negligence because he fails to apprehend that a boy, who is riding on the back of a wagon, will jump from the wagon and run under his car, while he is engaged in looking at the wagon in order to pass it without a collision.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *John W. Wescott.*

For the defendant, *David J. Pancoast* and *Joseph H. Gaskill.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a suit for damages caused by the alleged negligence of the defendant in October, 1896. The plaintiff was then about seven years old. The plaintiff, with other boys, jumped on the hind part of a wagon loaded with barrels. The allegation of the plaintiff is that the car of the defendant company, traveling in the same direction as the wagon, came up so close behind the wagon and at such a rate of speed as to cause the plaintiff to fear that he would be struck by it, whereupon he jumped from his position on the wagon and fell under the car.

There was some conflict in the evidence as to the speed of the car, but there was no denial that the wagon had the ordinary height of wheel; that the body was built something like a hay shelving; the barrels were put in the body of the wagon at the bottom, having a width of about four feet, but were ranked up and packed in over the top to a width of eight or ten feet, so that the barrels projected on each side two or three feet beyond the wheels. There were about one hundred sugar and flour barrels on the wagon, giving it the appearance, as to dimensions, like that of a wagon loaded with hay or straw.

The car did not collide with the wagon, but passed without striking it.

The motorman, as he approached the barrel wagon, saw the boys on the hind part of it, and as the wagon was near the car track, in order to avoid a collision he necessarily looked up to see whether he could pass without striking the overhanging barrels. The car slowed up as it approached the wagon; the motorman was under no duty to stop the car; he had a right to pass the wagon, using due care to do so without striking it. When the car was about to pass the

wagon, the plaintiff frightened by a third party, dropped off the wagon, and must have moved several feet before he could have reached the wheels of the car, which passed over his legs. The burden is upon the plaintiff to prove negligence on the part of the defendant, and, under the circumstances of this case, there is an entire absence of anything from which negligence can be imputed to the defendant company. The motorman saw the plaintiff, who was in a place of safety, and he had no reason to suppose that he would leave that position and run into a place of danger. The duty of the motorman was to avoid collision with the barrel wagon, which might have resulted in injury to all who were upon the wagon, and to accomplish that his attention was necessarily drawn from the position which the plaintiff occupied. No want of due care appears on the part of those in charge of the car.

There was a suit brought by the plaintiff for this injury, which was tried in 1898 and resulted in a nonsuit. That case was not reviewed, but a new suit was brought, which resulted in the verdict for the plaintiff now contested.

On the first trial there was nothing in the testimony of the plaintiff's witnesses which showed that the boy jumped from the wagon as the result of a threatened collision with the car, or that he was forced to jump from the wagon by any mismanagement of the trolley car by the motorman.

The evidence of the same witnesses on the last trial is substantially different from what it was on the first trial.

Such testimony is not entitled to any favorable consideration; the witnesses have either forgotten the circumstances or have intentionally perverted the facts.

There would have been no error in granting the motion to nonsuit.

The rule to show cause should be made absolute.